Lincoln Park Chapter No. 177, Royal Arch Masons, v. Matthew J. Swatek et al.

1. CORPORATIONS—*Can Not Be Deprived of Property Without a Hearing.*—A court has no jurisdiction to deprive a company of its property and dissolve it when the company is not present to defend itself. All bodies should be allowed the privilege of being present at their own dissolution.

2. SAME—*What Must Be Shown to Establish a Corporation De Facto.*—Two things are necessary to be shown to establish a corporation *de facto*, viz: 1. The existence of a charter or some law under which a corporation with the powers assumed might be lawfully created. 2. A user by the party to the suit of the rights claimed to be conferred by such charter or law. If the law exists and the record exhibits a *bona fide* attempt to organize under it, very slight evidence of user beyond this is all that can be required.

3. SAME—*For What Purpose They May Be Formed.*—Corporations may be formed for pecuniary profit under our general act, "for any lawful purpose except banking, insurance, real estate brokerage, the operation of railroads and the business of loaning money."

4. SAME—*How the Question of Legal Organization May Be Determined.*—Whether a company which claims to be incorporated has been legally organized, may be ascertained by *scire facias* or an information in the nature of a quo warranto at law. The legal existence of a corporation can not usually be inquired into collaterally, where there has been a *bona fide* attempt to create a corporation and an exercise of corporate powers, especially by parties who have dealt with the corporation as such.

**Bill for the Dissolution of a Partnership.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed January 30, 1903.

**Statement.**—This is a bill in equity filed by Lincoln Park Chapter No. 177, Royal Arch Masons, against Matthew J.

Swatek and over sixty other parties, who, it is claimed, were pretended stockholders in a concern known as North End Masonic Temple Association.

The bill was filed for a dissoluton of this concern as a partnership, for the partition of its real estate and a division of its property among its members. A general demurrer was sustained by the Circuit Court and the bill dismissed for want of equity. The complainant appeals.

The bill as amended, sets forth *inter alia,* that on November 6, 1892, appellee Matthew J. Swatek was the owner of certain premises described in the bill of complaint; that on that date he acquired title to another piece of land immediately south; that the two together have a frontage of fifty-five (55) feet, and are known as 615 and 617 North Clark street, Chicago; that complainant is a fraternal organization having for its object the working and conferring of the degrees in Royal Arch Masonry, an ancient secret order in the State of Illinois, of which appellee Swatek and divers friends and acquaintances were members; that complainant was possessed of over $3,000 in cash and securities; that appellees conspired together and conceived the idea of inducing the said complainant, and various members of the Masonic Fraternity, to invest their money in a building which they proposed to erect upon the said premises; that for the purpose of obtaining possession of the moneys belonging to said complainant, said appellees on April 17, 1893, organized a pretended corporation under the name of the North End Masonic Temple Association, pretended to be formed under the laws of the State of Illinois; that it was stated in the statement made for obtaining the license for opening books of subscription to the capital stock of such corporation; that " the object for which it is formed is to encourage social and fraternal relations among its members, and to promote and inculcate the principles of masonry as sought in the different masonic bodies, and to provide suitable and permanent accommodations for same by the erection of such a building as will provide halls, a library, reading rooms, and such other conveniences as are requisite therefor."

It is alleged that the objects stated as the purposes of such corporation were clearly not the objects of a corporation for pecuniary profit; that a certificate was issued by the secretary of state of the State of Illinois of the organization of such corporation, and that the same was afterward, on September 6, 1893, recorded in Cook county, Illinois; that as a part and parcel of the scheme, program and conspiracy of the said Swatek and associates to obtain possession of the moneys belonging to the complainant, they caused to be executed a pretended lease of all the premises above described by said Matthew J. Swatek and Mary L. Swatek, his wife, to the so-called North End Masonic Temple Association, for the term of ninety-nine years, which provides for the payment of ground rent to Matthew J. Swatek of nineteen hundred and eighty dollars ($1,980) per year or six per cent upon a valuation of thirty-three thousand dollars ($33,000); that said premises were not worth to exceed sixteen thousand five hundred dollars ($16,500); that after the organization of said so-called corporation, said appellees and their friends and associates, at a meeting at which less than one-eighth of the members of the complainant were present and without notice to other members, induced the complainant to invest in the stock of said so-called proposed corporation the sum of three thousand dollars ($3,000); that immediately thereafter said appellants proceeded with the erection of a building upon the premises above described, the rear part of which building was arranged with a lodge hall, dining room, parlors and dance hall, and the front part of which consisted of two stores with two flats or living apartments above each store; and that on or about the 30th day of April, 1894, the said building was completed and ready for occupancy; that said pretended corporation has, since the completion of said building, rented out the various halls, stores and flats or apartments to different bodies and individuals, and has never carried on any business whatever except the renting of said apartments and the management of said building; that said pretended corporation has never since its pre-

tended organization encouraged social and fraternal relations among its members, and has never promoted and inculcated the principles of masonry as sought in the different masonic bodies; that the entire control and management of said corporation has been confined to Matthew J. Swatek and those working in his individual interest, in connection with the management, repair and collection of the rents of said building; that said pretended corporation was organized under the general incorporation law for corporations for pecuniary profit; that said corporation is invalid for the reason that the State of Illinois does not allow or permit the organization of a corporation for the purposes set forth in the charter of said pretended corporation, or for carrying on of the business which the said pretended corporation has in fact carried on since its pretended organization.

It is further set forth that by reason of the fact that said corporation has never had any legal existence, the complainant and the parties above named who pretend to be stockholders in said pretended corporation are owners of the premises above described in shares, in proportion to the amount of money which they have invested in the said corporation and in the building and improvements on said premises; that all the acts of said pretended corporation are void; that all of the parties above named and the complainant are tenants in common of the said premises and the buildings and improvements thereon, in proportion to the value of the land, and the amount of money contributed by them respectively, to the erection of said building; that complainant is the owner of three hundred and ten shares of the capital stock of said pretended corporation and has invested in said premises the sum of three thousand one hundred dollars ($3,100); that it is very much dissatisfied with the conduct of said business and the management of said property, and that it is desirous of having said business wound up and a division of the property made between the parties respectively interested therein.

The bill prays for a winding up and dissolution of the

copartnership, the appointment of a receiver and a partition and division of the property. The question is presented whether the complainant is entitled to any relief in a court of equity, the demurrer admitting the facts well pleaded.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, attorneys for appellant; GEORGE M. STEVENS, of counsel.

ARNOLD TRIPP, attorney for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The contention of appellant in this case is that the purpose for which the North End Masonic Temple Association was organized according to its charter, was not one for which the statute authorizes the organization of corporations for pecuniary profit; that its real purpose was to deal in real estate; that it does not carry on nor pretend to carry on the alleged purpose for which it was incorporated; and that therefore its charter is void and its stockholders are copartners and liable as such. The argument is stated as follows in appellant's brief: " We submit that the North End Masonic Temple Association, being absolutely void as a corporation, never had a legal existence as such, and the stockholders and those participating in its organization became and are nothing but copartners, and the business transacted by them since the attempted organization of said association is merely the business transactions of a copartnership." It is insisted, therefore, that the demurrer should have been overruled and the defendants required to answer.

The alleged corporation is not made a party to the bill. It is regularly organized under the statute, and the legal formalities have apparently been fully complied with. It is sought by this bill to treat it as non-existent, and to deprive the corporation of any control over the property which it holds, at least by legal title, whether such title was improperly acquired and is improperly held or not. What is said in Baker v. Backus, 32 Ill. 79–80, is in point under

these circumstances: "The court had no jurisdiction to deprive the company of its property, and dissolve it when the company was not present to defend itself. All bodies should be allowed the privilege of being present at their own dissolution."

It is argued, however, that this is not even a *de facto* corporation. The argument is that there is no law authorizing the formation of a corporation for pecuniary profit for the purposes mentioned and hence no corporation *de facto*, because of no authority in law to exercise the powers claimed.

In Eaton v. Walker, 76 Mich. 579–585, it is said: "Two things are necessary to be shown to establish a corporation *de facto*, viz.: (1) The existence of a charter or some law under which a corporation with the powers assumed might be lawfully created. (2) A user by the party to the suit of the rights claimed to be conferred by such charter or law. If the law exists and the record exhibits a *bona fide* attempt to organize under it, very slight evidence of user beyond this is all that can be required." See also, Hudson v. Green Hill Seminary, 113 Ill. 618–626. In the case before us appellant has been a stockholder for some years and has received money paid as a dividend and recognized the corporation in other ways and has participated in the alleged illegal combination. Coquard v. Nat. Lin. Oil Co., 171 Ill. 480–484. Corporations may be formed under our general act for pecuniary profit, "for any lawful purpose except banking, insurance, real estate brokerage, the operation of railroads and the business of loaning money" (R. S., Chap. 32, Sec. 1), and for "any lawful purpose other than for pecuniary profit," in the manner provided in section 29 of the same chapter. These corporations may be capable of holding real and personal estate, and may sue and be sued. The corporation in question appears to be regularly organized in conformity with the statute and its purpose as stated is not unlawful. Whether it has exceeded its corporate powers in issuing stock or is exercising them in violation of its charter, has no bearing upon the question of its corporate existence. Appellant's contention

that the law does not authorize the formation of a corporation for pecuniary profit for the purposes specified, may be ground for intervention by the state. "It is against the policy of this state to allow corporations to hold real estate beyond what is necessary for the transaction of the business or specific corporate purposes of such corporations." First M. E. Church v. Dixon, 178 Ill. 260–271; Nat. Home Building Association v. Bank, 181 Ill. 35–42; The People v. Pullman Car Co., 175 Ill. 125–143. Whether the purposes for which this corporation is formed reasonably require it to hold the real estate it has in order to carry out the objects of its creation is not before us as the case stands. In the case of Baker v. The Administrator of Backus, 32 Ill. 79, 111, there was as here a "body corporate *de facto*. It had been doing business more than a year under the charter, had an office in the city of Chicago, had all the necessary officers through whom the business was transacted, and much money and important interests were involved in their undertaking." It was concluded that whether the company had ever been legally organized as a corporation and existed as such, "could be ascertained in no other way than by a direct proceeding at law," and furnished no ground for the interposition of a court of equity. Whether a company which claims to be incorporated has been legally organized may be ascertained by *scire facias* or an information in the nature of a quo warranto at law. There is no ground for chancery interposition, where there is a corporation *de facto*. Stockholders of a corporation fully incorporated under the statute are not considered partners even as between themselves. The legal existence of a corporation can not usually be inquired into collaterally, where there has been a *bona fide* attempt to create a corporation and an exercise of corporate powers, especially by parties who have dealt with the corporation as such. "Only the state can complain of injury to the public or that public rights are being interfered with, and enforce a forfeiture of defendant's franchises for that reason." Coquard v. Nat. Linseed Oil Co., 171 Ill. 480–484 (*supra*).

The judgment of the Circuit Court must be affirmed.