## Lincoln Park Chapter No. 177 Royal Arch Masons

*v.*

### Matthew J. Swatek *et al.*

*Opinion filed October 26, 1903.*

1. CORPORATIONS—*one receiving dividends from corporation cannot deny its existence.* A stockholder who shares in the dividends of a corporation is estopped, as against it, to deny that it has been legally organized.

2. SAME—*stockholder cannot dissolve corporation for non-user or mis-user of powers.* A stockholder cannot compel the dissolution of a corporation for alleged non-user or mis-user of its powers, since that matter is for the State alone.

*Lincoln Park Chapter No. 177* v. *Swatek,* 105 Ill. App. 604, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming the decree of the circuit court of Cook county in a proceeding in equity there instituted by appellant against appellees. Appellant, as complainant, filed its bill below to dissolve the concern known as "The North End Masonic Temple Association," treating it as a partnership, the bill praying for a partition of the real estate and a division of the property among its members. A general demurrer to the bill was sustained by the circuit court.

The bill, as amended, alleges that on November 6, 1892, Matthew J. Swatek was the owner of certain premises in Chicago known as 615-617 North Clark street; that complainant is a fraternal organization, having for its object the working and conferring of the degrees in Royal Arch Masonry, an ancient secret order in the State of Illinois, of which Swatek and others were members; that complainant and various members of the Masonic

fraternity were induced to invest money in a building which Swatek and others proposed to erect upon said premises; that for the purpose of obtaining .possession of the money belonging to complainant, the said defendants, on April 17, 1893, organized a pretended corporation under the name of "The North End Masonic Temple Association," which pretended to be formed under the laws of the State of Illinois; that it was stated in the statement made for obtaining a license for opening books of subscription to the capital stock of such association, that "the object for which it is formed is to encourage social and fraternal relations among its members and to promote and inculcate the principles of Masonry as sought in the different Masonic bodies, and to provide suitable and permanent accommodations for the same by the erection of such a building as will provide halls, a library, reading rooms and such other conveniences as are requisite therefor." It is further alleged that the objects stated as the purposes of such corporation were clearly not the objects of a corporation for pecuniary profit; that a certificate was issued by the Secretary of State of the State of Illinois for the organization of such corporation, and that the same was afterwards, on September 6, 1893, recorded in Cook county, Illinois; that as a part and parcel of the scheme, program and conspiracy of the said Swatek and associates to obtain possession of the moneys belonging to the complainant, they caused to be executed a pretended lease of all the premises above described, by the said Matthew J. Swatek and Mary L. Swatek, his wife, to the so-called North End Masonic Temple Association for the term of ninety-nine years, which provides for the payment of ground rent to Matthew J. Swatek of $1980 per year, or six per cent upon the valuation of $33,000; that said premises were not worth to exceed $16,500; that after the organization of said so-called corporation, said appellees and their friends and associates, at a meeting at which less than

one-eighth of the members of the complainant were present, and without notice to other members, induced the complainant to invest in the stock of said so-called proposed corporation in the sum of $3100; that immediately thereafter said defendants proceeded with the erection of the building upon the premises above described, the rear part of which building was arranged with a lodge hall, dining room, parlors and dance hall, and the front part of which consisted of two stores, with two flats or living apartments above each store, and that on or about the 30th day of April, 1894, the said building was completed and ready for occupancy; that said pretended corporation has, since the completion of said building, rented out the various halls, stores and flats or apartments to different bodies and individuals, and has never carried on any business whatever except the renting of said apartments and the management of said building; that the said pretended corporation has never since its organization encouraged social and fraternal relations among its members and has never promoted and inculcated the principles of Masonry as sought in the different Masonic bodies; that the entire control and management of the said corporation has been confined to Matthew J. Swatek and those working in his individual interests in connection with the management, repair and collection of the rents of said building; that said pretended corporation was organized under the general Incorporation law for corporations for pecuniary profit; that said corporation is invalid for the reason that the State of Illinois does not allow or permit the organization of a corporation for the purposes set forth in the charter of said pretended corporation, or for the carrying on of the business which the said pretended corporation has in fact carried on since its organization. It is further set forth that by reason of the fact that said corporation has never had any legal existence, the complainant and the parties above named, who pretend to be stockholders thereof,

are owners of the premises above described in shares in proportion to the amount of money which they have invested in it and in the building and improvements on said premises; that all the acts of said pretended corporation are void; that all of the parties above named, and the complainant, are tenants in common of the said premises, and the building and improvements thereon, in proportion to the value of the land and the amount of money contributed by them, respectively, to the erection of said building; that complainant is the owner of three hundred and ten shares of the capital stock of said pretended corporation, and has invested in said premises the sum of $3100; that it is very much dissatisfied with the conduct of said business and the management of said property, and that it is desirous of having said business wound up and a division of the property made between the parties, respectively, interested therein. The bill prays for a winding up and dissolution of the co-partnership, the appointment of a receiver and a partition and division of the property.

FRED H. ATWOOD, FRANK B. PEASE, and CHARLES O. LOUCKS, (GEO. M. STEVENS, of counsel,) for appellant.

ARNOLD TRIPP, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This record presents the question whether the appellant is, by its bill, entitled to any relief in a court of equity, the demurrer admitting the facts well pleaded. As the holder of a number of the shares of stock in the North End Masonic Temple Association, organized as a corporation, the appellant is seeking to have that institution declared to be no more than a partnership and have the same dissolved, upon the grounds, first, that it was not organized according to law; and second, that it has not used, or attempted to use, the corporate powers conferred upon it by its charter.

It appears from the bill that after the organization of the corporation it erected an extensive building, which it rented to several orders, and to merchants, etc., and in the course of its career it made a dividend of $600, which was shared by the several stockholders, and in which dividend the appellant participated. The allegations of the bill show the establishment of a corporation *de facto,* and that its existence as such has been so recognized by appellant. The general rule is, that one who deals with a corporation as existing *de facto* is estopped to deny, as against it, that it has been legally organized. (*Bushnell* v. *Consolidated Ice Machine Co.* 138 Ill. 67.) The bill seeks not only to question the legal organization of the corporation, but to have the same changed into a co-partnership between itself and the other incorporators, and to compel the defendants to account to it and its co-partners. As is said in the case cited: "A partnership is never created between parties by implication or operation of law, apart from an express or implied intention and agreement to constitute the relation,"—quoting from 1 Bates on Law of Partnership, sec. 3. (See, also, *Phillips* v. *Phillips*, 49 Ill. 437.) Having participated in its dividends, its lawful existence is not now open to question on the part of appellant; nor can appellant, for the same reason, question the proper use of the powers granted to it. Nor can appellant, by bill in chancery, compel a dissolution of the corporation. It is for the State alone to complain of any mis-user or non-user of the powers conferred in the creation of the corporation. *Coquard* v. *National Linseed Oil Co.* 171 Ill. 480, and cases there cited.

There being no ground for the interposition by a court of chancery, appellant's bill was properly dismissed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*